UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

Andrew Hernandez,

                    Plaintiff,                    CV-08-0057

    - against -

J.B. Hunt, Inc. and Kenneth E. Onysko,          MEMORANDUM OPINION
                                                AND ORDER

                    Defendants.

------------------------------------------X

SIFTON, Senior Judge.

    Plaintiff Andrew Hernandez ("Hernandez") commenced this

personal injury action against defendants J.B. Hunt, Inc.

("Hunt") and Kenneth E. Onysko ("Onysko") in the Supreme Court of

the State of New York, County of Richmond, pursuant to N.Y. Ins.

Law § 5101 *et seq*. On January 4, 2008, Hunt filed a notice of

removal pursuant to 28 U.S.C. § 1446[1] seeking to remove this case

to the Eastern District of New York on diversity grounds.  On

January 11, 2008, Magistrate Judge James Orenstein issued a

memorandum and order *sua sponte*, directing the Clerk to remand

---

    [1] 28 U.S.C. § 1446 states in relevant part:

    A defendant . . . desiring to remove any civil action . . . from a State
    court shall file in the district court . . . a notice of removal signed
    pursuant to Rule 11 of the Federal Rules of Civil Procedure and
    containing a short and plain statement of the grounds for removal,
    together with a copy of all process, pleadings, and orders served upon
    such defendant or defendants in such action.

28 U.S.C. § 1446(a).

the case to the Supreme Court of the State of New York, County of Richmond.  Presently before this Court is defendant Hunt's appeal of Judge Orenstein's order.  For the reasons set forth below, Hunt's appeal is granted.

## Background

The following facts are taken from the submissions in connection with this motion and the notice of removal filed by Hunt.  Disputes are noted.

Plaintiff Hernandez is a citizen of the State of New York. Complaint ¶ 1.

Defendant Hunt states that it is a Georgia corporation with its principal place of business in the State of Arkansas.  Notice of Removal ¶ 3.  In his complaint, plaintiff first alleges that defendant Hunt is a New York corporation, but then goes on to allege that defendant is a foreign corporation doing business in the State of New York with its principal offices in Oklahoma. Complaint ¶¶ 4-6.

Defendant Onysko is a citizen of New Jersey. *Id.* ¶ 7.

On November 27, 2007, plaintiff filed the instant action in the Supreme Court of the State of New York, County of Richmond.

Plaintiff's complaint alleges that on or about June 8, 2007, while driving his car in Staten Island, defendant Onysko, who was operating a truck owned by Hunt with Hunt's knowledge and consent, struck the rear of his car, thereby causing him injury.

*Id.* ¶¶ 10, 12.

Plaintiff's complaint alleges that he sustained a serious injury and economic loss greater than the basic economic loss as defined by New York State Insurance Law § 5102. *Id.* ¶ 14. Plaintiff states that he:

> was severely and seriously injured, bruised and wounded, suffered, still suffers and will continue for some time to come to suffer great physical and mental pain and bodily injuries and became sick, lame, and disabled and so remains and upon information and belief is permanently injured; that plaintiff has been put to great expenses for medical and surgical treatment, nursing and hospital services; and will hereinafter necessarily incur further expenses of a similar nature, all to plaintiff's damage in such sum as exceeds the monetary jurisdiction limits of all lower courts."

*Id.* ¶ 16.

On January 4, 2008, Hunt filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking removal to the Eastern District of New York. Defendant Onysko joined in the notice of removal. Notice of Removal ¶ 7. The notice of removal states that "plaintiff seeks damages of more than $75,000 and sought damages of more than $75,000 when this action was started in state court." *Id.* ¶ 4.

Upon filing the notice of removal, the case was referred to Magistrate Judge James Orenstein.

On January 11, 2008, Judge Orenstein issued a memorandum and order *sua sponte*, directing the Clerk to remand the case to New York State court because defendant Hunt had not met its burden of establishing the amount in controversy. Judge Orenstein stayed

the effective date of the order so that the parties could appeal
his order to the undersigned.  Hunt filed its appeal on January
28, 2008.

**Discussion**

*Standards of Review*

Pursuant to Federal Rule of Civil Procedure 72, a magistrate
judge has the authority to determine non-dispositive
pretrial matters.  Non-dispositive motions decided by a
magistrate judge are to be modified or set aside by the district
judge assigned to the case only where the order is clearly
erroneous or contrary to law. Fed. R. Civ. P. 72(a).

Under Rule 72(a), "[a] finding is 'clearly erroneous' when
although there is evidence to support it, the reviewing [court]
on the entire evidence is left with the definite and firm
conviction that a mistake has been committed." *Concrete Pipe and
Products of Cal., Inc. v. Constr. Laborers Pension Trust for
South. Cal.*, 508 U.S. 602, 622 (1993) (quoting *United States v.
United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "An order
is contrary to law 'when it fails to apply or misapplies relevant
statutes, case law or rules of procedure.'" *Tompkins v. R .J.
Reynolds Tobacco Co.*, 92 F.Supp.2d 70, 74 (N.D.N.Y. 2000)(quoting
*Thompson v. Keane*, No. CV-95-2442, 1996 WL 229887, at *1
(S.D.N.Y. 1996)).

Pursuant to 28 U.S.C. § 1441, a defendant may remove from

state to federal court a civil action of which the federal court
has original jurisdiction. 28 U.S.C. § 1441(a). District courts
are to "construe the removal statute narrowly, resolving any
doubts against removability." *Lupo v. Human Affairs, Int'l, Inc.*,
28 F.3d 269, 274 (2d Cir. 1994); *see also California Pub.
Employees Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir.
2004).

Under 28 U.S.C. § 1332, a federal court has jurisdiction
over the subject matter of a civil action where the matter in
controversy exceeds $75,000, exclusive of interests and costs,
and is between citizens of different states. 28 U.S.C. §
1332(a).

District courts may engage in fact-finding before remanding
a case to state court. *See United Food Workers & Commercial
Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298,
306 (2d Cir. 1994)("federal courts may look outside th[e]
pleadings to other evidence in the record"); *Mehlenbacher v. Akzo
Nobel Salt, Inc.*, 216 F.3d 291 (2d Cir. 2000). The "party
invoking the jurisdiction of the federal court has the burden of
proving that it appears to a reasonable probability that the
claim is in excess of the statutory jurisdictional amount."
*Scherer v. The Equitable Life Assurance Society of the United
States*, 347 F.3d 394, 398 (2d Cir. 2003); *see also United Food*,
30 F.3d at 301.

*Hunt's Appeal*

Defendant Hunt argues that the Magistrate Judge erroneously remanded the case without taking evidence on the amount in controversy. According to Hunt, if the court was not satisfied that the pleading specified the threshold amount, the court should have engaged in fact-finding rather than issue a summary remand order.

Assuming that the Magistrate Judge's order was non-dispositive in nature, I conclude that the Magistrate Judge clearly erred when he remanded the case to state court *sua sponte*.

Although the Magistrate Judge correctly noted that Hunt had the opportunity to ascertain the amount in controversy prior to the filing of the notice of removal, *see* N.Y. C.P.L.R. § 3017(c),[2] once Hunt filed for removal, the Magistrate Judge should have provided Hunt with an opportunity to meet its burden of ascertaining with reasonable probability the amount in controversy. Rather than summarily remanding the case, an order to show cause should have been issued for the parties to appear

---

[2] N.Y. C.P.L.R. § 3017 provides that:

a party against whom an action to recover damages for personal injuries . . . may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request."

N.Y. C.P.L.R. § 3017(c).

before the court to address the amount in controversy.
Remanding the case to state court, where Hunt will presumably
request a supplemental demand stating the total damages sought
and then file for removal again, unnecessarily delays the
resolution of this action and increases the litigation costs for
the parties.   Accordingly, the Magistrate Judge clearly erred by
issuing a summary remand order *sua sponte*.  This case is hereby
returned to the Magistrate Judge to engage in fact-finding on the
amount in controversy .

## Conclusion

For the reasons set forth above, Hunt's appeal of the
Magistrate Judge's order is granted and the case is returned to
Magistrate Judge Orenstein for fact-finding on the amount in
controversy.  The Clerk is directed to transmit a copy of the
within to the parties and Magistrate Judge Orenstein.

SO ORDERED.

Dated:   Brooklyn, NY
          March 20, 2008

                    By:  /s/ Charles P. Sifton (electronically signed)
                              United States District Judge